UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6082-CR-FERGUSON

UNITED STATES OF AMERICA,          :

       Plaintiff,                  :

v.                                  :

ROBBIE ACEVEDO, et al.,             :

       Defendants.                 :



## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on April 4, 1999, a hearing was held to determine whether the defendant **William Eric Crawford** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **William Eric Crawford** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged with conspiracy and possession of methylenedioxymethamphetamine (MDMA) with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Therefore, the defendant is charged with offenses involving a controlled substance. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that Robbie Acevedo and William Eric Crawford were members of an organization responsible for in the importation from Amsterdam of approximately five million MDMA tablets per month. Co-defendant Ryan Evans Creech stated that he participated in more than twenty-two trips between Fort Lauderdale, Florida and Atlanta, Georgia, during which he transported MDMA tablets to Atlanta and money to Florida. Creech transported approximately 7,000 tablets per trip. He delivered the money for tablets sold in Atlanta to Crawford, who, in turn, delivered it to Acevedo. Crawford also obtained the MDMA tablets from Acevedo, which he turned over to Creech for transportation to Atlanta.

    On March 1, 2000, surveillance agents followed Creech to Crawford's apartment. Creech entered the apartment, carrying a backpack. Crawford then left his residence, carrying the backpack that Creech had brought into the house. Crawford was followed to Acevedo's residence, which he entered while carrying the same backpack. Crawford left the residence, with the backpack, and picked up Creech. Thereafter, the Florida Highway Patrol stopped Crawford and Creech for speeding. A narcotics detection dog alerted to the vehicle, a search of which revealed 7,000 MDMA tablets contained within the backpack.

Subsequently, Acevedo consented to a search of his residence, during the course of which agents recovered $20,000 in cash in a safe. This was the amount that, according to Creech, had been delivered to Crawford for drugs sold in Atlanta. Crawford and Acevedo made post-arrest statements in which they admitted their involvement in the March 1 transaction. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has strong ties to this community and does not appear to be a risk of flight. However, the defendant has a prior state conviction for trafficking in cocaine. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess, and did possess with intent to distribute a substantial quantity of methylenedioxymethamphetamine (MDMA), offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded

that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 6th day of April, 2000.

_____
LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Roger Powell (FTL)
Pretrial Services (FTL)
Jeffrey Voluck, Esq.

4